## WELCH & COMPANY, Complainants,

*v.*

## CENTRAL SAN CRISTOBAL, INC., Dfts.

San Juan, Equity, Nos. 940, 947.

IN THE MATTER OF REPORTS OF RECEIVER.

Receiver's Accounts—Forms.

1. A receiver in his accounts should state receipts and disburse-

ments, and in the report accompanying should describe the condition of the property when he received it and the changes since. Such accounts are referred to the master for adjudication, not merely for examination, and exceptions must be taken before the master. Review by the court is upon petition, and not by exception.

Receiver's Account—Annual.

2. A receiver should account annually unless required to do so at shorter intervals. No order is necessary.

Master's Report on Accounts—Recommendation.

3. When a matter is referred to the master he should make a recommendation of some kind, and not general statements.

Opinion filed April 8, 1915.

Mr. *Louis Banigan* for United States Mortgage & Trust Company.

HAMILTON, Judge, delivered the following opinion:

The receiver, R. A. O'Neill, filed certain reports of his administration dated January 31, 1914, June 30, 1914, and December 31, 1914, showing his operations during those periods. The reports were certified by Sparrow, Harvey, & Company, regular certified accountants. These reports were referred to the master for examination and the master, on March 5, 1915, files a report recommending that the accounts be "approved unless some party having a proper interest files an exception."

1. The master's report is excepted to, apparently on the ground that the receiver's reports are not correct in form, as they are statements made by a firm of accountants to the receiver, and are not signed or verified by the receiver. In his accounts the receiver should state his receipts and disburse-

Welch & Co. v. Central San Cristobal.

ments, and in the report which accompanies them he should describe the condition of the estate when he received it and the changes which have taken place since. Foster, Fed. Pr. 5th ed. § 321. Such accounts are referred to the master for examination, and the master acts in the place of the court in a judicial, not a ministerial, capacity. Cowdrey v. Railroad Co. 1 Woods, 331, 334, Fed. Cas. No. 3,293. Any exception to a receiver's account should be taken at the time of the examination before the master. The object of this is to afford the master an opportunity to reconsider the point, and to enable the receiver to bring in additional evidence or make explanation. The practice perhaps resembles more that before a referee in bankruptcy than an ordinary reference to a master. The best way to call the court's attention to any error of the master is by filing a petition. High, Receivers, 4th ed. § 800. This was the English rule, but here an exception might be regarded as in the nature of a petition and passed on by the court. The review by the court upon such a petition is not by examining the items of the account in detail, or the evidence, but reviewing the principles adopted by the master. Ibid. The court can in its discretion direct an account to be reformed for manifest error (High, Receivers, § 801; Gunn v. Ewan, 35 C. C. A. 213, 93 Fed. 80), but this is putting an unnecessary burden upon the court and is not the best practice.

It would seem in this case the accounts filed are not in the proper form for accounts by a receiver, and consist rather in a report by accountants of an auditing of his books. This has an advantage as giving information to the court and parties, but cannot be treated as a formal account by the receiver, either partial or final. A receiver is not entitled to an order of refer-

ence to examine and pass upon his accounts until he has presented a full and definite statement, itemizing various matters and verifying the account under oath. High, Receivers, § 801.

2. A receiver should account annually, unless accounts at shorter intervals are required. Foster, Fed. Pr., § 321. It would seem that the receiver in this case should conform to this rule and file a report of all receipts and disbursements for his first year. It is not necessary that an order or process be had for that purpose. High, Receivers, § 797. In no other way can the parties to a cause be informed as to their rights, or the court act understandingly. If a receiver does not do this of his own accord, any party to the cause may move for such an account. High, Receivers, § 802.

3. The form of the master's report is not proper. The receiver's reports are referred to him for examination and report. Under the wording of his report, if any exception is filed (as there has been), there is no recommendation by him, or indeed any definite report. There would be nothing gained by a reference to the master under such circumstances. In the case at bar it makes no practical difference, however, because the account is not strictly a receiver's account.

The exception is overruled in the shape in which the matter comes up. The receiver will doubtless, without any special order, make a full report of his first year's operations, so that his accounts may be passed in accordance with the above opinion. It seems unnecessary to take any further action in the matter at this time.